# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 11:47 am, May 03, 2018

| | |
|---|---|
| THOMAS EMMANUEL CAPERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV418-077 |
| ) | |
| C/O DEAL, *Ware State Prison*, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Thomas Emmanuel Capers has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging various defects in his state criminal case. Doc. 9. He also seeks leave to file his § 2254 petition *in forma pauperis* (IFP). Doc. 8. Finding him indigent, the Court **GRANTS** his IFP motion. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows, however, that his petition must be dismissed.

Capers did not timely appeal his 2010 conviction, apparently because he "lack[ed]" knowledge of how to do so. *See* doc. 9 at 6 ("30 days direct appeal was not filed due to lack of acknowledgement of the state laws."). He did, however, appeal the February 28, 2017 denial of his motion to set aside the judgment by the state criminal court

(asserting "lack of jurisdiction, fraud, non-amendable defect which is to appear on the face of the record (special demurrer)") to the Georgia Supreme Court. *Id*. He does not report filing any state habeas petition. *See id*. at 2-6. As his appeal from the denial of his motion to set aside the judgment remains pending, and Capers is unsatisfied with the Georgia Supreme Court's delay in considering it, he has filed this petition for federal habeas relief.

But Capers had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[1] That clock is stopped only by the pendency of a properly filed state direct appeal or collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Here, no such appeal or collateral review proceeding exists.

Sitting on any claim and creating time gaps between proceedings

---

[1] That section provides for other events which trigger the one-year limitations period, but none apply here. *See* 28 U.S.C. § 2244(d)(2)-(4).

can be fatal.  *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1.  And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action.  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013).

Capers' conviction became "final" either at the time of his completion of the direct review process or when the time for seeking such review became final.  28 U.S.C. § 2244(d)(1)(A); *Coates v. Byrd*, 211 F.3d 1225, 1226 (11th Cir. 2000).  Judgment was entered in Chatham County Superior Court on October 18, 2010, and Mitchell did not file a direct appeal.  Doc. 9 at 1 & 6.  Thus, his conviction became final on or about November 17, 2010.  O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]").  Capers thus had one year from the date his conviction became final -- until November 17, 2011 -- to file a timely federal habeas petition or toll the limitations period by seeking state

collateral relief. 28 U.S.C. § 2244(d)(1)-(2); *Rich*, 512 F. App'x at 982-83. He did neither. Doc. 9 at 1-13.

Despite that, his untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Section 2244 is a statute of limitations, not a jurisdictional bar."). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Aureoles*, 609 F. App'x at 624; *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Capers, however, presents nothing to indicate an extraordinary circumstance stood in the way of timely filing. At most, he explains that he was somehow prevented from timely appealing his conviction because of his own ignorance of the 30 day deadline imposed by Georgia law. *See, e.g.*, doc. 9 at 6. But that does not mitigate his failure to timely seek habeas relief.

There is simply no indication petitioner has diligently pursued his

4

rights or that some "extraordinary circumstance" prevented him from timely filing a petition in this Court.[2]  *See Holland*, 560 U.S. at 649; *Aureoles*, 609 Fed. App'x at 624.  Accordingly, Thomas Emmanuel Caper's § 2254 petition is untimely and should be **DENIED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

---

[2]   It appears that Capers believes that his 2017 motion to set aside the judgment -- filed seven years after sentencing and the expiration of his deadline to appeal the judgment -- somehow affects the federal statute of limitations.  He is wrong.  He ran out of time back in 2011, and his later motion cannot roll back the clock.

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this __3rd__ day of May, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA